IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>THOMAS SCHROPP,<br><br>      Defendant. | 8:12CR300-JFB-TDT<br><br>SENTENCING MEMORANDUM |

<u>A SENTENCE FOR ARSON IN FURTHERANCE OF MAIL FRAUD/WIRE FRAUD
WOULD NOT VIOLATE THE DOUBLE JEOPARDY CLAUSE</u>.

  It is anticipated that the Defendant will argue that any sentence on Count VI, that is Arson in Connection with a Federal Felony would violate the Double Jeopardy Clause as all the elements of that charge were incorporated in the underlying arson, mail fraud, and wire fraud counts.

  The Double Jeopardy Clause prevents "multiple punishments for the same criminal offense." <u>United States v. Kehoe</u>, 310 F.3d 579, 587 (8th Cir. 2002), cert. denied, 538 U.S. 1048 (2003); <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969). Offenses are considered the "same" if they arise from "the same act or transaction" and do not require "proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). However, "with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983). When multiple punishments are involved, the court must focus on the statutory language authorizing the multiple punishment. <u>Id.</u>

  If Congress wishes to impose multiple punishments for the same offense, it may do so and may even go so far as to punish "separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the complete transaction." <u>Garrett v. United States</u>, 471 U.S. 773, 779 (1985) quoting <u>Missouri v. Hunter</u>, 459 U.S. 359 (1983).

  Title 18, United States Code, Section 844(h) was clearly written with the intent to impose additional "punishment upon proof of a fact which aggravates a core offense." <u>United States v. Beltz</u>, 385 F.3d 1158, 1162 (8th Cir. 2004), cert. denied, 125 S. Ct. 1751 (2005). Sentences for mail fraud, and using fire to commit mail fraud, do not constitute double jeopardy. <u>United States v. Shriver</u>, 838 F.2d 980, 982 (8th Cir. 1988). "Congress explicitly authorized cumulative punishments for the predicate felony and using fire to commit the predicate felony" as exhibited in Section 844's text and legislative history. United States v. Patel, 370 F.3d 108,115 (1st Cir. 2004); <u>Blacharski v. United States</u>, 215 F.3d 792, 794 (7th Cir.), cert denied, 531 U.S. 903 (2000). Also see, H.R.Rep. No. 678, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.S.C.A.N. 2631,

2633 (legislative history to the Anti-Arson Act of 1982, Pub.L. 97-298). As the statute's text and legislative history express, Congress meant to punish using fire to commit a felony and the predicate felony cumulatively. United States v. Shriver, 838 F .2d 980, 982 (8th Cir. 1988).

In Shriver, defendant was convicted of conspiracy (Title 18, United States Code, Section 371), mail fraud (Title 18, United States Code, Section 1341), using fire to commit mail fraud (Title 18, United States Code, Section 844(h)), and using explosives to damage a building used in interstate commerce (Title 18, United States Code, Section 844(i)). Id. at 981. Shriver argued that under the Blockburger test his convictions for mail fraud and using fire to commit a felony (mail fraud) amounted to double jeopardy because there was no additional proof needed to establish the felony (mail fraud). Id. at 981-82. Without addressing the applicability of the Blockburger analysis, the court found no double jeopardy violation because Congress does not prohibit cumulative punishments for the offenses of using fire to commit a felony and the felony itself. Id. at 982. It is clear through the legislative history of Title 18, United States Code, Section 844(h) that Congress intended "whoever uses a fire..to commit any felony which may be prosecuted in a court of the United States commits an additional offense and shall be subject to a sentence in addition to the sentence for the predicate offense." Id. See United States v. Blacharski, 215 F.3d 792, 794 (7th Cir.), cert. denied, 531 U.S. 903 (2000). (Section 844(h) intended to be used in addition to, not instead of, predicate offense); See also United States v. Allen, 247 F.3d 741, 768-69 (8th Cir. 2001). (Congress intended to impose multiple, cumulative punishments under Section 924(c)).

In 1982, Congress amended the Anti-Arson Act with §844(h) to proscribe the use of fire in addition to explosives. Section 844(h) provides; "[w]hoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States …, shall be subject to a sentence in addition to the sentence for the predicate offense." 18 U.S.C. §844(h). In 1988, Congress changed the wording of §844(h) to further make the intent clear. Section 844(h) now states "[w]hoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States …, shall, *in addition to the punishment provided by such felony,* be sentenced to imprisonment of 10 years." Id. Congress also added that the term of imprisonment imposed under §844(h) "shall not run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried." Blacharski argues that §844(h) is a greater included offense of §844(i) and the Title 26 charges. These arguments fail. Section 844(h) was intended to be used in addition to the predicate offense not instead of it.

     Based on the above it is perfectly acceptable that the Defendant's sentence for Arson in Furtherance of Mail Fraud and Wire Fraud would not violate the Double Jeopardy Clause in this case and that it is the Government's position that this sentence should run consecutive to any sentencing under Counts I through V, pursuant to Title 18, United States Code, Section 844(h).

                                          UNITED STATES OF AMERICA,
                                          Plaintiff,

                                          DEBORAH R. GILG
                                          United States Attorney


                                          *s/Russell X. Mayer*
                                     By: RUSSELL X. MAYER, NY #1726124
                                          Assistant United States Attorney
                                          1620 Dodge Street, Ste. 1400
                                          Omaha, Nebraska  68102
                                          Tel: (402) 661-3700
                                          Fax: (402) 661-3084
                                          E-mail:  russ.mayer@usdoj.gov


CERTIFICATE OF SERVICE

     I hereby certify that on May 11, 2015, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Nebraska by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                          *s/Russell X. Mayer*
                                          RUSSELL X. MAYER
                                          Assistant United States Attorney